**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS SOUCHLAS, | ) | CASE NO. 5:17-cv-2176 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| U.S. GOVERNMENT, et al, | ) | AND ORDER |
| | ) | |
| DEFENDANTS. | ) | |

Plaintiff *pro se* Nicholas Souchlas, a citizen and resident of Greece, brings this *in forma pauperis* diversity action against defendants U.S. Government, Kent State University (KSU), the KSU Physics Department, Brookhaven National Laboratory (BNL), and the BNL Physics Department.

Plaintiff alleges in his complaint that he studied physics at KSU from 2001 through 2009. He believes the U.S. system of education provides F1 visas to foreign students as "cheap high end labor," and that he was treated unfairly and was unable to publish. He further alleges that KSU and BNL conspired to have him removed from KSU's physics program and that he "had to use threats of violence to force them to extend [his] affiliation with KSU in order to get a J1 visa and continue working at BNL." (Doc. No. 1, Complaint ("Compl.") ¶ 5.) Plaintiff left the United States in 2014 after his employment was reduced from 50% to 40% and he had "visa problems." (*Id.* ¶ 8.)

Plaintiff seeks damages of $100 million, asserting that the U.S. government issues F1 visas for cheap foreign labor and that KSU disregarded its mission statement and its "duties and responsibilities" to him. (*Id.* ¶ 10.)

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them. *Beaudett*, 775 F.2d at 1278. To do so would "require . . . [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* (citation omitted).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in

the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Plaintiff does not identify a particular legal theory upon which defendants are claimed to be liable. Instead he simply provides a factual narrative and generalized claims that he was mistreated. This places an unfair burden on defendants to speculate on the potential claims plaintiff may be raising against them and the defenses they might assert in response. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Moreover, even liberally construed, the complaint does not contain allegations reasonably suggesting plaintiff might have a valid claim. *See Lillard v. Shelby Cnty. Bd. of Educ,*, 76 F.3d 716, 726 (6th Cir. 1996) (court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, the request to proceed *in forma pauperis* is granted and this action is dismissed under § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: February 13, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**